IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BILLY GEORGE REEDY,<br>   Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:12-CV-239-Y |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>   Respondent. | § § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Billy George Reedy, TDCJ # 1273763, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Livingston, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

On December 1, 2004, pursuant to a plea agreement, petitioner pled guilty to capital murder in the Criminal District Court Number Three of Tarrant County, Texas, in exchange for a life sentence. (State Habeas R. at 55[1]) By terms of the plea agreement, petitioner also waived his "11.07 and 11.071 of the Texas Code of Criminal Procedure remedies." (*Id.* at 43) Petitioner did not directly appeal his conviction, but he filed a state habeas application for writ of habeas corpus challenging his conviction on April 18, 2006,[2] which was denied by the Texas Court of Criminal Appeals on February 8, 2012. *Ex parte Reedy*, 282 S.W.3d 492 (Tex. Crim. App. 2009); *Ex parte Reedy*, No. AP-75862, 2012 WL 399234 (Tex. Crim. App. Feb. 8, 2012) (not designated for publication). This federal petition for writ of habeas corpus challenging the same 2004 conviction is deemed filed on April 18, 2012.[3] As ordered, respondent has filed a preliminary response addressing only the issue of limitations, to which petitioner filed a reply.

---

[1]"State Habeas R." refers to the state court record in petitioner's state habeas application no. WR-64,806-01.

[2]Historically, the prison mailbox rule did not apply to state habeas applications from inmates in Texas. *Holland v. Quarterman*, 507 F.3d 840, 843–44 (5th Cir. 2007). However, in 2010 the Texas Court of Criminal Appeals, like the United States Supreme Court and the Texas Supreme Court, adopted the prisoner mailbox rule that a document is deemed filed at the time it is delivered to prison authorities for mailing in the prisoner context. *Campbell v. State*, 320 S.W.3d 338, 342-44 (Tex. Crim. App. 2010). The Fifth Circuit has not yet ruled on the issue in light of the Texas Court of Criminal Appeals's intervening decision in *Campbell*, and this court is bound by precedent. It is noted, however, that even if the mailbox rule was applicable to petitioner's state habeas applications, it would not change the result.

[3]*Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

D. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Petitioner argues that based on Texas law, he cannot "waive his right to an 11.07," and "the state's actions of making [him] believe that [he] could not appeal [his] case by including; + waive 11.07 and 11.071 is clearly the reason why [his] appeal process was not started immediately after

[his] December 1, 2004 conviction."[4] (Pet'r Prel. Resp. at 3) Petitioner also blames his court-appointed trial counsel for his delay in seeking postconviction relief because counsel "suggested" that his case could not be "appealed." (*Id.* at 4) Petitioner asserts he was later informed by a fellow inmate that he could still file an 11.07, notwithstanding the waiver, and thereafter began work on his "appeal" in a timely manner. (*Id.*) Thus, he argues the state created an impediment to his timely filing by entering into the "unconstitutional" plea agreement for purposes of triggering limitations under § 2244(d)(1)(B).

Petitioner misstates the law, however, by asserting he cannot waive the state postconviction habeas remedy under article 11.07 and/or 11.071. The Texas Court of Criminal Appeals "reiterated" in its opinion in his state habeas case that "a defendant, pursuant to a plea agreement (or otherwise), may waive his right to file an application for writ of habeas corpus so long as the waiver is made voluntarily, knowingly, and intelligently."[5] *Ex party Reedy*, 282 S.W.3d at 494. *See also Ex parte*

---

[4]Petitioner refers to his "appeal" and his state postconviction "application for writ of habeas corpus" under article 11.07 interchangeably, however he expressly waived his right to appeal, the trial court certified that petitioner had no right of appeal, the Texas Court of Criminal Appeals concluded petitioner's waiver of his right to appeal was valid, and petitioner did not file a notice of appeal after his conviction. (State Habeas R. at 46, 53) *Ex parte Reedy*, 282 S.W.3d at 501. Thus, petitioner's references to "direct appeal" or "appeal" are construed as references to his article 11.07 application for writ of habeas corpus.

[5]In his state habeas application, petitioner raised six claims: "(1) his plea was involuntary; (2) his attorneys coerced him into pleading guilty; (3) his privilege against self-incrimination was violated during police interrogation; (4) he was denied ineffective assistance of counsel; (5) he was improperly denied his right to appeal; and (6) the indictment against him was fundamentally defective." *Ex parte Reedy*, 282 S.W.3d at 494. On April 29, 2009, the Texas Court of Criminal Appeals held that petitioner's first, second, third, fifth, and sixth claims were voluntarily, knowingly, and intelligently waived but remanded the case to the trial court for appointment of counsel and a determination of whether ineffective assistance of trial counsel vitiated the waiver of habeas corpus relief. On remand, after a hearing by affidavit, the trial court adopted the state's proposed findings of fact and conclusions of law that petitioner's counsel were not deficient and that petitioner was not deprived of his right to effective assistance of counsel "during the course of their preparations for trial and consultations with [petitioner] with respect to the advisability of accepting the State's plea
(continued...)

4

*Insall*, 224 S.W.3d 213, (Tex. Crim. App. 2007)). Thus, the state did not impede petitioner from filing his state or federal petition by including the "+ waive 11.07 and 11.071" language as part of the plea agreement. Nor do the state courts' delays in making rulings in the state habeas action constitute an impediment within the meaning of § 2244(d)(1)(B). *Wickware v. Thaler*, 404 Fed. Appx. 856, 2010 WL 5062314, at *6 (5th Cir. Dec. 13, 2010). No federal statute compels the Texas courts to act on an application for habeas corpus within any particular time limits. *Id.*

Instead, subsection (A) is applicable to this case. Under that provision, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a timely notice of appeal on December 31, 2004, and closed one year later on December 31, 2005, absent any applicable tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas application, filed on April 18, 2006, after limitations had already expired, did not operate to toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged or otherwise demonstrated exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Trial counsel did not misadvise petitioner regarding the waiver of his rights to appeal and to file a state postconviction application for habeas relief under article 11.07 or 11.071,

---

[5](...continued)
offer." *Ex parte Reedy*, 2012 WL 399234, at *1. Thereafter, on February 8, 2012, the Texas Court of Criminal Appeals adopted those findings of fact and conclusions of law and denied relief on petitioner's fourth ground. *Id.* at *2.

5

and difficulties obtaining state court records and ignorance of the law by a pro se prisoner are common problems among inmates and do not warrant equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Petitioner's federal petition was due on or before December 31, 2005; thus, his petition filed on April 18, 2012, is untimely.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed with prejudice as time-barred. All pending motions not previously ruled upon are denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 29, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that

are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until ___July 29___, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July ___9___, 2012.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE