```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION

BILLY GEORGE REEDY,              §
                                 §
VS.                              §   CIVIL ACTION NO.4:12-CV-239-Y
                                 §
RICK THALER,                     §
Director, T.D.C.J.               §
Correctional Institutions Div.   §
```

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
     AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner Billy George Reedy under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on July 9, 2012; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on July 26, 2012.

The Court, after **de novo** review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244, for the reasons stated in the magistrate judge's findings and conclusions, and for the reasons stated herein.

The magistrate judge found that the one year limitations provision applicable to Reedy's filing of a § 2254 petition was governed by 28 U.S.C. § 2244(d)(1)(A), the date on which his judgment of conviction became final, December 31, 2004. Reedy now argues in his objections that the time should commence under §

2244(d)(1)(B) due to a State created impediment to filing, and/or that he should be entitled to equitable tolling, because the Texas Department of Criminal Justice units he was housed in during 2005 did not "post" information about the Antiterrorism and Effective Death Penalty Act ("AEDPA") limitations provision. Reedy cites to *Egerton v. Cockrell,* 334 F.3d 433, 438-39 (5th Cir. 2003), in which the United States Court of Appeals for the Fifth Circuit determined that the failure to provide adequate research materials was an "impediment" to filing for purposes of § 2244(d)(1)(B). Another district court has aptly summarized *Egerton* and inmate litigants' subsequent efforts to expand its holding:

> In making that ruling, the Court stopped short of permitting a dearth of research material to excuse every late filing, concluding, "an inadequate prison law library **may** constitute a state created impediment that would toll the AEDPA's one-year limitations period pursuant to § 2244(d)(1)(B)." *Id*. at 439 (emphasis added). In *Egerton,* no copy of the AEDPA was available in the prison, but the prisoner promptly filed his state, and then his federal, habeas petitions after being moved to a facility with an adequate law library. As the district court stated in *Neal v. Bradley,* CA No. 2:05CV6 7, 2006 WL 2796404 at *2 (N.D. Miss., Sep. 25, 2006), the rule adopted in *Egerton* is "extremely circumscribed," and inmates are attempting to expand its holding far beyond the narrow set of facts to which it applies. Egerton was incarcerated prior to 1996, and was unaware of AEDPA's passage; and since his facility had no copy of the AEDPA, he had no way of learning of its passage until after the limitations period had run. *Id.* at 3.[1]

Another court in this district has noted that "[n]ow that the AEDPA has been in effect for over a decade, it is unlikely that a prisoner could successfully rely upon *Egerton,* which was fact-

---

[1] *Madison v. Scott,* CA No. 3:11-CV-243-CWR-FKB, 2011 WL 7561510, at *3 (S.D. Miss. Aug. 4, 2011), *rep. and rec. adopted,* 2012 WL 930932 (Mar. 9, 2012).

specific to a prisoner dealing with a new law and no copy of the statute."[2]

In the instant case, although Reedy alleges he was unaware of the limitations provision, his allegation of inadequacy is limited to the claim that information was not "posted" about the AEDPA. Reedy writes:

> There was no information posted at Bill Clements Unit in Amarillo, Tx (Jan.-April 2005), nor the Alfred D. Hughes Unit in Gatesville, Tx (April 2005-2006) where petitioner was confined at or during these dates, regarding the one year AEPDA limitations.  Petitioner was never aware of this one year statue of limitations because prison law libraries did not contain written posted material regarding this limitation [sic]. (Objections at 2. )

Other courts have rejected inmate claims that an institution's failure to post information about the AEDPA limitations period could constitute a basis for statutory or equitable tolling.[3] In particular, the United States Court of Appeals for the Ninth Circuit determined "[t]here is no precedent for [inmate petitioner's] claim that notice of AEDPA requirements must be posted in the prison law library."[4] And in reviewing a similar effort by an inmate to "simply complain that none of the prison libraries 'posted' AEDPA guidelines," rather than claiming the AEDPA was unavailable, another district court explained "[t]his Court is

---

[2] *Romero v. Thaler,* No.2:10-CV-075, 2010 WL 2366025, at *3 (N.D.Tex. May 25, 2010), *rep. and rec. adopted,* 2010 WL 2366033 (June 11, 2011).

[3] *Sutton v. Stewart,* 51 Fed. Appx. 752, 2002 WL 31686299 (9th Cir. Nov. 27, 2002)(rejecting equitable tolling); *Whitby v. Thomas,* Civ. No. 10-00287 HG-BMK, 2010 WL 3184766, at *5 (D. Hawaii Aug. 10, 2010)(finding that failure to have the AEPDA posted was not a basis for statutory toling).

[4] *Sutton,* 2002 WL 31686299, at *1.

unaware of any requirement that a prison must post guidelines explaining the AEDPA, as long as the statute, case law, or other help accessing such materials is available to prisoners."[5]

Reedy has not recited any action that amounted to an impediment to timely filing by the State under § 2244(d)(1)(B), and his claim that information about the AEDPA was not posted in either the Clements or Hughes units is not a sufficient basis to entitle him to equitable tolling. His objections on these grounds are overruled.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner Billy George Reedy's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[6] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[7] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[8] A petitioner satisfies this standard by showing

---

[5] *Whitby,* 2010 WL 3184766, at *5.

[6] *See* Fed. R. App. P. 22(b).

[7] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[8] 28 U.S.C.A. § 2253(c)(2)(West 2006).

"that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[9]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Reedy has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the July 9, 2012 Findings, Conclusions, and Recommendation of the United States Magistrate Judge, and for the reasons stated in this order.[10]

Therefore, a certificate of appealability should not issue.

SIGNED August 8, 2012.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[9] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

[10] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).

5